**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROBERT LIONEL SANFORD,
Plaintiff,
v.
M. CRISPIN,
Defendant.

No. EDCV 09-1155-DMG(CW)[1]

MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff's First Amended Complaint is dismissed, with leave to amend, for failure to exhaust administrative remedies.

**BACKGROUND AND PROCEEDINGS**

The pro se plaintiff is a prisoner in state custody, proceeding in forma pauperis, on a civil rights complaint naming governmental defendants and addressing prison conditions. His initial Complaint [docket no. 3], dated May 26, 2009, was received on June 16, 2009, and filed on June 29, 2009, pursuant to the court's Order re Leave to File Action Without Prepayment of Full Filing Fee. [Docket no. 2.] The

[1] Plaintiff has another pending action: No. EDCV 10-733-DMG(CW). This Memorandum and Order concerns only No. EDCV 09-1155.

Complaint was dismissed with leave to amend in a first Memorandum and Order filed August 14, 2009. [Docket no. 6.]

Plaintiff's First Amended Complaint ("FAC") was filed on September 29, 2009. [Docket no. 13.] Plaintiff was granted leave to proceed in forma pauperis in an order filed December 7, 2009. [Docket no. 15.] In a motion filed June 3, 2010, Defendant M. Crispin (the only remaining defendant) moved to dismiss for failure to exhaust administrative remedies. [Docket no. 27.][2] Plaintiff's opposition was filed on July 13, 2010. [Docket no. 38 (docketed out of order).] Defendant's reply was filed on July 22, 2010. [Docket no. 32.] Plaintiff's supplemental opposition was filed on August 9, 2010. [Docket no. 33.]

## STANDARD OF REVIEW

Defendants have moved to dismiss this action for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act of 1995 ("PLRA"), as codified at 42 U.S.C. § 1997e(a). Before filing a civil rights action about prison conditions, a prisoner plaintiff must first exhaust available administrative remedies. See Jones v. Bock, 549 U.S. 199, 204, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)(unanimous decision); Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Booth v. Churner, 532 U.S. 731, 736, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Administrative exhaustion is required even if a plaintiff seeks only money damages and the available administrative process

[2] Defendant also moved to dismiss for failure to state a claim and on grounds of qualified immunity. Insofar as the issue of administrative exhaustion appears to be dispositive, the court need not reach Defendant's other arguments for dismissal at this time.

cannot provide payment. See Booth, 532 U.S. at 740-41. Furthermore, an action must be dismissed unless administrative remedies were exhausted before the action was filed, even if administrative remedies were exhausted later while the action was pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam). Here, administrative exhaustion must have been completed on the date a pro se prisoner plaintiff first submitted a complaint to a federal court, rather than on the date on which the court allowed the complaint to be filed, if the filing date was delayed. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

This exhaustion of administrative remedies is not a pleading requirement a plaintiff must satisfy; instead, failure to exhaust administrative remedies is an affirmative defense a defendant must plead and prove. Jones, 549 U.S. at 212-16; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The defense should be raised in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. Wyatt, 315 F.3d at 1119. In deciding such a motion –– a motion to dismiss for failure to exhaust nonjudicial remedies –- the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. When the court looks to a factual record beyond the pleadings, it must ensure that a plaintiff is given fair notice of the opportunity to develop a record. Wyatt, 315 F.3d at 1120 n.14. If the court concludes that a prisoner plaintiff has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

Leave to amend should be granted if it appears possible that the defects in the complaint can be corrected, especially if the plaintiff is pro se. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000)

(en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11.

**DISCUSSION**

Before bringing suit in federal court, a prisoner must have fully and properly exhausted administrative remedies, by completing "the administrative review process in accordance with the applicable procedural rules," as defined "by the prison grievance process itself." Jones, 549 U.S. at 218. In Woodford v. Ngo, the Supreme Court described California's grievance system for prisoners challenging conditions of confinement:

> To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87)(hereinafter Form 602), that is made "readily available to all inmates." Cal. Code Regs., tit. 15, § 3084.1(c)(2004). The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested." Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." App. 40-41. The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.
>
> If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process. See §§ 3084.5(b)-(d). Although California labels this "formal" review (apparently to distinguish this process from

the prior step), the three-step process is relatively simple. At the first level, the prisoner must fill in part D of Form 602, which states: “If you are dissatisfied, explain below.” Id., at 40. The inmate then must submit the form, together with a few other documents, to the Appeals Coordinator within 15 working days -- three weeks -- of the action taken. § 3084.6(c). This level may be bypassed by the Appeals Coordinator in certain circumstances. § 3084.5(b). Within 15 working days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.

If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by the warden. §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within 15 working days of the prior decision. Within 10 working days thereafter, the reviewer provides a decision on a letter that is attached to the form. If the prisoner's claim is again denied or the prisoner otherwise is dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days. § 3084.5(e)(2). An inmate’s appeal may be rejected where “[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file

within the prescribed time constraints." § 3084.3(c)(6). Woodford, 126 S. Ct. at 2383.

In the present case, Plaintiff apparently pursued administrative remedies with respect to two similar incidents, one on April 29, 2008; the other on October 23, 2008. Plaintiff's present claims concern the October 23, 2008 incident. [FAC.] Plaintiff's exhibits indicate that he received a Director's Level Appeal Decision with respect to the April 29, 2008 incident, but only a Second Level Response (dated December 8, 2008) with respect to the October 23, 2008 incident (which directed Plaintiff to request a Director's Level Response if dissatisfied). [Exhibits to Plaintiff's opposition and supplemental opposition.]

Accordingly, from the present record, it appears that Plaintiff has not exhausted administrative remedies by pursuing the final step in the California process described above. However, in light of the liberal policies governing amendment of pro se pleadings, Plaintiff will be given an opportunity to amend his complaint by showing that he did in fact complete the process of administrative exhaustion before filing the present action.

**ORDERS:**

It is therefore **ORDERED** as follows:

1. The First Amended Complaint is dismissed with leave to amend.

2. Defendant's motion to dismiss (docket no. 27, filed June 3, 2010) is **MOOT** in light of the above.

3. If Plaintiff can amend by showing that he has completed the administrative exhaustion requirement, he shall do so in writing, on or before February 23, 2011, attaching any supporting evidence.

4. If Plaintiff can demonstrate administrative exhaustion, the court will review the First Amended Complaint under the PLRA (also considering the other issues raised in the motion to dismiss), and shall issue further orders as appropriate.

5. If Plaintiff cannot demonstrate administrative exhaustion, the magistrate judge will recommend that this action be dismissed without prejudice.

6. The clerk shall serve this Memorandum and Order on Plaintiff and all Counsel.

DATE: January 26, 2011



CARLA M. WOEHRLE
United States Magistrate Judge